1  PHILLIP A. TALBERT
   United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                  IN THE UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,               CASE NO.  2:19-CR-104-TLN

12                  Plaintiff,              STIPULATION REGARDING EXCLUDABLE
                                            TIME PERIODS UNDER SPEEDY TRIAL ACT;
13          v.                              ORDER

14  MANUEL RUBIN PEREZ,                     DATE: August 18, 2022
                                            TIME: 9:30 a.m.
15                  Defendant.              COURT: Hon. Troy L. Nunley

16

17          This case was set for a status conference on August 18, 2022.  By this stipulation, the parties

18  request that the Court continue the status conference to November 3, 2022 at 9:30 A.M., and to exclude

19  time under Local Code T4 as well under the Court's General Orders, for the reasons set forth below.

20          On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

21  Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

22  continue all criminal matters to a date after June 1.  This and previous General Orders were entered to

23  address public health concerns related to COVID-19.

24          Although the General Orders address the district-wide health concern, the Supreme Court has

25  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

26  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

27  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

28  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

STIPULATION REGARDING EXCLUDABLE TIME                   1
PERIODS UNDER SPEEDY TRIAL ACT

509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

The government requests that, in light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1.      By this stipulation, the defendant now moves to continue the status conference to November 3, 2022 at 9:30 A.M., and to exclude time between August 18, 2022, and November 3, 2022 at 9:30 A.M., under Local Code T4, in addition to the exclusion of time appropriate in light of public health concerns cited by the Court's General Orders.

2.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has produced discovery in this matter, which includes approximately 1,000 pages of investigative reports and photographs, as well as electronic video recordings.

b)      Defense counsel will need additional time to consider the current charges in light of the discovery that has been produced.  Defense counsel will also need time to investigate and conduct research related to the current charges, and to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.  The Coronavirus pandemic, which has included stay at home, court closure and social distancing directives from County, State and Federal governmental authorities, has hampered defense counsel's ability to investigate and to meet with his client since his client's arrest.

c)      Counsel for the defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period between August 18, 2022, and November 3, 2022 at 9:30 A.M., inclusive, is deemed excludable pursuant to the Court's General

Orders, and pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  August 16, 2022                              PHILLIP A. TALBERT
                                                     United States Attorney

                                                     /s/ JAMES R. CONOLLY
                                                     JAMES R. CONOLLY
                                                     Assistant United States Attorney


Dated:  August 16, 2022                              /s/ JESSE SANTANA
                                                     JESSE SANTANA
                                                     Counsel for Defendant
                                                     MANUEL RUBIN PEREZ


### ORDER

IT IS SO FOUND AND ORDERED THIS 16th day of August, 2022.




                                                     Troy L. Nunley
                                                     United States District Judge